(Hamilton Co. O., Common Pleas Court.)

BRIDGET McALLISTER v. MARY DAVEY.

Where an attachment is based on removal of property for the purpose of defrauding creditors, the burden of proof is upon the plaintiff—The intent to defraud must be shown.

SPIEGEL, J.

This case comes on for hearing on a motion to discharge the attachment granted against the property of the defendant by the justice below. Plaintiff obtained the attachment upon a sworn affidavit (1st), that the debt was fraudulently contracted, and (2d), that defendant was about to remove her property out of the county for the purpose of defrauding her creditors.

Each party to this suit has filed two affidavits for and against the motion, one affirming and the other denying.

The first ground for the attachment, although sworn to originally by plaintiff's agent, has been entirely abandoned by her, and only the second ground, removal of property for the purpose of fraud, remains. But the mere fact of a removal of property, without intent to defraud creditors, does not give the right of attachment. The intent is essential, and when denied the burden is thrown upon the plaintiff to prove it. The affidavits do not show a preponderance of the evidence in her favor, and the motion to dismiss must be granted.

L. M. Mongan, for plaintiff.

—— Davis, contra.

---

(Hamilton Co., O, Common Pleas Court.)

STATE OF OHIO, ex rel. HENRY C. BUDDENBERG, v. FREDERICK O. ZESCH, PASTOR, et al.

Mandamus does not lie to compel restoration to church membership.

SPIEGEL, J.

Relator, Henry C. Buddenberg, prays for an alternative writ of mandamus against the Consistory of the German Reformed (Salem) Church of Cincinnati, commanding them to restore him to full membership in said organization, of which he alleges to have been deprived illegally. Does the writ lie? It is issued in the name of the state to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty "resulting from an office trust or station." Keeping this definition of the writ in view, our supreme court, in the case of the Fraternal Mystic Circle v. The State of Ohio, ex rel., Lincoln Fritter, decided December 14, 1897, and to be found in No. 3, vol 39, page 43, Weekly Law Bulletin, has determined that it is exclusively of a public character, clearly excluding the idea that it may be resorted to for the purpose of enforcing the performances of duties in which the public have no interest. Private actions are appropriate for the redress of private wrongs. A church in this country, although embracing in some of its objects matters of a public nature, is nevertheless regarded in law as a private body, and a religious corporation is governed by the same rules which control other private civil corporations. This being the case, the writ does not lie, and the application, therefore, must be refused.

But has the plaintiff no other remedy than an action at law for damages, which is, in this case, not only entirely inadequate, but depriving plaintiff, by reason of such an action, if filed, of his right to a restoration to membership? (See State ex rel. v. Lippa, 28 Ohio St., 6655). I think he has where the benefits to be enjoined are not determinable by any rules that could be given to the jury, in fixing their money value. An action for damages would not afford an adequate remedy, but equity would by the grant of an injunction. Whatever form, if any, such an injunction would assume, is a matter to be determined upon final hearing of the case. This view has also been adopted by Judge Pratt, of Toledo, in the case of Cheney v. Ketcham, decided in the Lucas County Common Pleas Court since the decision of the Fraternal Mystic Circle case by our supreme court. See Ohio Nisi Prius Reports, vol. 5, page 139, attached to No. 12 of vol. 39, Weekly Law Bulletin. Plaintiff, if he desires, may therefore withdraw his application for a writ of mandamus and substitute therefor a petition for an injunction.